BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 18 1975

IN RE AIR CRASH DISASTER AT BALI,  )
INDONESIA, ON APRIL 22, 1974       )   DOCKET NO. 215

PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL *, JUDGES OF THE PANEL

_____

PER CURIAM

     A Boeing 707 aircraft, being operated as Pan American Flight

No. 812, crashed into a mountain on the Island of Bali, Indonesia,

on April 22, 1974.  All 96 passengers and eleven crew members

died as a result of the crash.  Fourteen actions arising from

this disaster have since been filed in four federal district

courts:  seven in the Central District of California, five in

the Northern District of California, and one each in the Southern

District of New York and the Eastern District of Virginia.

In addition, three actions are currently pending in New York

state courts.

     Four actions pending in three of the federal courts are

each brought as purported class actions on behalf of the person-

al representatives, survivors, heirs, next of kin and benefici-

aries of all decedents.

     The federal actions are before the Panel as a result of

two motions by various plaintiffs to transfer the actions to

_____

     *   Judge Weigel recused himself and took no part in the
         consideration or decision of this matter.

- 2 -

a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.  Plaintiffs in three actions move for transfer to the Northern District of California, while plaintiffs in four actions move for transfer to the Southern District of New York.  All responding parties recognize the need for transfer of this litigation under Section 1407 but disagree over which district is the appropriate transferee forum.  Plaintiffs in two actions concur with the motion for transfer to the Northern District of California.  Defendants Pan Am and Boeing support transfer to the Southern District of New York.  Defendants Collins Radio Co., Borg-Warner Corp. and Northrop Corp. prefer the Northern District of Iowa or, in the alternative, the Southern District of New York.  Plaintiff in one action favors the Eastern District of Virginia or, in the alternative, the Southern District of New York.

These actions clearly share common questions of fact and we find that their transfer to the Central District of California for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1]

The proponents of transfer to the Northern District of California contend that the San Francisco forum is preferable

---

[1] The parties to all actions waived their right to oral argument and, pursuant to R.P.J.P.M.L. 14, 65 F.R.D. 253, 264 (1975), the question of transfer of this litigation under 28 U.S.C. §1407 was submitted on the briefs.

because it is geographically the most convenient for the parties
and witnesses, especially since counsel will need to travel to
Bali for discovery purposes.  Moreover, they assert that much
discovery will take place in that district because Pan Am has a
major facility in San Francisco and the cockpit crew was based
there.

Those who favor transfer to the Southern District of New York
argue that most of the discovery will occur there inasmuch as
Pan Am's training and personnel records for the flight crew,
its maintenance records for navigational equipment aboard the
aircraft, and its flight procedure manuals are all located in
New York.  Moreover, they inform us that, pursuant to an agree-
ment that has been reached between the attorneys for 49 of the 96
passenger decedents and the attorneys for Pan Am and the deceased
pilots' estates, Pan Am will produce its employees for depositions
and its documents for inspection in New York.  In addition, Pan Am
points out that transfer to New York will provide an opportunity
for the federal and New York state courts to coordinate the dis-
covery efforts in the two jurisdictions.

The one plaintiff urging transfer to the Eastern District
of Virginia asserts that that forum will be convenient for the
key witnesses, the team of National Transportation Safety Board
personnel who investigated the wreckage.  He also contends that
the Eastern District of Virginia is the most appropriate trans-
feree forum  since Boeing has offices in that locale and discovery
is underway in the action pending there.

- 4 -

Three defendants favor the Northern District of Iowa even though no actions are presently pending in that district.  They argue that the Iowa forum is the most convenient because it is centrally located to the various points in the country where discovery will take place.  Defendant Collins Radio also notes that its principal office is in Iowa.

Any of the federal districts wherein actions are pending could, in our view, be described as an appropriate transferee forum for this litigation.  On balance, however, we are persuaded that the Central District of California is the preferable choice because more actions are pending in this district than in any of the others.  We certainly commend the parties who have voluntarily agreed to conduct pretrial discovery proceedings in New York and we see no reason why such cooperation cannot continue.  And, of course, regardless of our decision to transfer all actions to California, the depositions of the parties and witnesses will likely occur in proximity to their residences.  Fed. R. Civ. P. 45(d)(2).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable David W. Williams for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district and listed on Schedule A.

SCHEDULE A                                    DOCKET NO. 215

### EASTERN DISTRICT OF VIRGINIA

John Paul Causey, Jr., etc. v. Pan American     Civil Action
World Airways, Inc., et al.                     No. 74-0428-R

### SOUTHERN DISTRICT OF NEW YORK

Alice E. Wolcott, et al. v. Pan American        Civil Action
World Airways, Inc., et al.                     No. 75 Civ. 1704-IBW

### NORTHERN DISTRICT OF CALIFORNIA

Travelers Insurance Co. v. Collins Radio Co.,   Civil Action
et al.                                          No. C75-771-GBH

Paul A. Eisler, etc. v. Pan American            Civil Action
World Airways, Inc., et al.                     No. C75-772-SAW

Maureen Keating, et al. v. The Boeing Co.,      Civil Action
et al.                                          No. C75-785-LHB

William Lawrence Zinke, et al. v. Collins       Civil Action
Radio Co., et al.                               No. C75-779-ACW

Marianne Schroeder, et al. v. Collins Radio     Civil Action
Co., et al.                                     No. C75-564-WHO

### CENTRAL DISTRICT OF CALIFORNIA

John P. Causey, Jr., etc. v. Lee B. Zinke,      Civil Action
et al.                                          No. CV75-1364-DWW

Hamilton Lister Catchlove, et al. v.            Civil Action
Pan American World Airways, Inc.                No. CV75-1184-DWW

Floyd A. Demanes, etc. v. Pan American          Civil Action
World Airways, Inc., et al.                     No. CV74-3662-MML

Paul A. Eisler, etc. v. Pan American            Civil Action
World Airways, Inc., et al.                     No. CV75-553-MML

Ni Ketut Campling, et al. v. Lee B. Zinke,      Civil Action
et al.                                          No. CV75-1349-DWW

Beryl W. Slater, et al. v. Lee B. Zinke,        Civil Action
et al.                                          No. CV75-1339-DWW

Nesta Reymond, et al. v. Lee B. Zinke, et al.   Civil Action
                                                No. CV75-1370-DWW